(45 Misc. Rep. 651)

### STROMBERG v. LOIACONO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. CONTRACT—PROMISE TO PAY DEBT OF ANOTHER—STATUTE OF FRAUDS.

    Plaintiff had a claim for goods sold to a third person. Defendant was about to buy his property, when plaintiff threatened to bring an action against the third person and have an attachment issued, whereupon defendant, fearing that such a suit and the attachment threatened would disarrange his own plans for the purchase of the property, orally promised plaintiff that, if he would refrain from bringing the suit and issuing the attachment, he would pay the plaintiff's claim, which amounted to $47. Plaintiff accepted the offer and abandoned his intention to bring suit, and defendant thereupon completed his contract for the purchase of the property. *Held*, that the contract between plaintiff and defendant was not a guaranty of the debt of another, within the statute of frauds, but an original undertaking, founded on a new consideration.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Philip Stromberg against Vincenzo Loiacono to recover on oral promise to pay the debt of a third person. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Andrew S. Fraser, for appellant.
Steuer & Hoffman, for respondent.

GILDERSLEEVE, J. The plaintiff had a claim for goods sold and delivered against one Volo. The defendant was about to buy out said Volo, when plaintiff threatened to bring an action against Volo and have an attachment issued. The defendant, fearing that such a suit and the attachment threatened would disarrange his own plans for the purchase of the property of Volo, promised the plaintiff that, if he would refrain from bringing said suit and issuing said attachment, he (defendant) would pay the plaintiff's said claim against Volo, which amounted to $47. The plaintiff accepted this offer and abandoned his intention to bring the said suit. The defendant thereupon completed his contract with Volo for the purchase by defendant of the property of said Volo. Thereafter plaintiff demanded the $47 from defendant, who refused to pay the same. The plaintiff thereupon brought this action, and recovered a judgment for the amount claimed. The defendant appeals.

The agreement between plaintiff and defendant was not in writing, and defendant claims that it was void, under the statute of frauds, which requires all guaranties of the debts of another to be in writing, and signed by the party to be charged. We cannot agree with this contention. The agreement in question was not the guaranty by defendant of the debt of Volo, within the meaning of the statute, but an original promise, founded on a new consideration of benefit moving between the promisor, defendant, and the promisee, plaintiff, and was for the payment of a sum less than $50. It was therefore not within the statute, and was not required to be in writing. See White v. Rintoul, 108 N. Y. 226, 227, 15 N. E. 319, 320; Emerson v. Slater, 22 How. 28, 16 L. Ed. 360. It was an independent agreement for the personal benefit of defendant, and the statute of frauds does not afford any defense to plaintiff's claim.

The judgment must be affirmed, with costs to the respondent. All concur.